IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,570-01






EX PARTE BRIAN KEITH KINNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NO. 39866 B-1

IN THE 78TH JUDICIAL DISTRICT COURT

FROM WICHITA COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance with intent to deliver, and punishment
was assessed at confinement for eighty-five years and imposition of a $250,000 fine. 
Applicant's judgment of conviction was affirmed on direct appeal. Kinnett v. State, No. 02-03-00292-CR (Tex. App.-Fort Worth 2004, pet. ref'd). 

 Applicant contends that his conviction violates due process because the quantity of
drugs he is alleged to have possessed included a large quantity of toilet water dilutant from
the toilet bowl where the drug was found. He alleges the 663 grams of methamphetamine
he was convicted of possessing was, in reality, comprised of over 600 grams of toilet water
and some lesser quantity of the prohibited drug.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. See Seals v. State, No.
PD-0678-04, 2005 Tex. Crim. App. LEXIS 1966 (Tex. Crim. App. 2005), Womack, J.,
concurring. Therefore, it is this Court's opinion that additional facts need to be developed. 
Because this Court cannot hear evidence, the trial court is the appropriate forum. The trial
court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that
it may order affidavits, depositions, or interrogatories, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to what quantity of methamphetamine Applicant was convicted of possessing, if water
constitutes any part of that quantity, and if so, where did the water originate and what was
its quantity. The trial court may order a quantitative analysis by a chemist for this purpose. 
If water was part of the quantity of methamphetamine Applicant possessed, the trial court
shall additionally make findings as to whether water, and specifically toilet water, can be
used to increase the "bulk" or "quantity" of the controlled substance methamphetamine as
those terms are used in Tex. Health & Safety Code § 481.002(49). The trial court shall
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE TWENTY-FOURTH DAY OF MAY, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.